# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTH DISTIRCT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CASANDRA PERRY, | ) | |
| ZULEICA MANCILLA, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| WIRELESS TIME GEORGIA, LLC, | ) | |
| | ) | JURY TRIAL REQUESTED |
| DEFENDANT. | ) | |
| _____ | ) | |

## COLLECTIVE ACTION COMPLAINT

NOW COME Plaintiffs, Cassandra Perry and Zuleica Mancilla, and hereby file this collection action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), seeking payment for unpaid wages, overtime wages, liquidated damages, actual damages, compensatory damages, for Defendant's violation of the FLSA.  Plaintiff further seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).  Plaintiffs states as follows as their Collective Action Complaint in this matter:

## I.    JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

### 2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

### 3.

Based upon Plaintiffs' information and belief, Defendant, Wireless Time Georgia, LLC, ("Wireless Time" or "Defendant"), is a foreign Limited Liability Company existing under the State laws of Texas and foreign qualified in the State of Georgia.  Wireless Time lists its principal place of business as 3454 Atlanta Hwy, Montgomery, Alabama 36109.

### 4.

Service of process for Wireless Time can be effectuated through its registered agent Michael Bowen at 3521B Memorial Drive, Decatur, Georgia 30032.

5.

The cause of action set forth in this Complaint arose within this jurisdiction.

## II.    PARTIES

6.

Plaintiff Cassandra Perry ("Plaintiff Perry") is an adult resident citizen of Dekalb County, Georgia.

7.

Plaintiff Zuleica Mancilla ("Plaintiff Mancilla") is an adult resident citizen of Walton County, Georgia.

8.

At all times relevant to this Complaint, Plaintiffs were "covered employees" as defined by 29 U.S.C. §203(e)(1).

9.

At all times relevant, Defendant employed the Plaintiffs to perform labor for its benefit and made employment and compensation related decisions regarding the Plaintiffs in this District.

10.

At all times relevant hereto, Plaintiffs suffered and/or were permitted to work for the benefit of the Defendant.

11.

Defendant, Wireless Time, lists its principal office address as 3454 Atlanta Hwy, Montgomery, Alabama 36109.  Upon information and belief, Defendant is a foreign qualified Limited Liability Company conducting business within the State of Georgia and within this district.

12.

Defendant is in the cellular telephone retail business, selling cellular telephones, accessories, and cellular telephone service.

13.

Defendant is engaged in interstate commerce for purposes of the FLSA.

14.

Upon information and belief, Defendant's gross sales are in excess of $500,000 per year.

15.

Defendant directed Plaintiffs to individually engage in interstate commerce.

16.

Plaintiffs as part of their job duties regularly engage in interstate commerce.

17.

Defendant is an employer within the meaning of 29 U.S.C. §203(d) and is not exempt from the FLSA.

## III.   FACTUAL ALLEGATIONS

18.

Plaintiff Perry, is an adult resident of the State of Georgia.  Perry was employed by Defendant from August 2016 through May 23, 2017.

19.

Plaintiff Mancilla, is an adult resident of the State of Georgia.  Mancilla was employed by Defendant from October 23, 2015 through the present.

20.

Plaintiff Perry was employed as a sales representative during times relevant.

21.

Plaintiff Mancilla was employed as a sales representative and a manager-in-training during times relevant.

22.

Defendant compensated the Plaintiffs on an hourly basis.

23.

Plaintiff Perry was compensated at the rate of $9.00 per hour plus commission during times relevant to this Complaint.

24.

Plaintiff Mancilla was compensated at the rate of $9.00 per hour plus commission during times relevant to this Complaint.

25.

Plaintiffs earned commissions on sales of Defendant's products and services.

26.

Plaintiffs were employed in a position that involved interstate commerce as defined by the FLSA and/or employed in an enterprise that engaged in interstate commerce.

27.

Defendant classified Plaintiffs as nonexempt full-time employee.

28.

As hourly nonexempt employees, Plaintiffs were entitled to full pay for each hour worked.

29.

During the tenure of their employment, Plaintiffs at times worked in excess of forty (40) hours per week.

30.

In or around November 2016, the Defendant designated a new district manager that oversaw timekeeping for Perry and other employees in the region.

31.

Plaintiffs regularly worked in excess of forty (40) hours per week and submitted this time to the Defendant for compensation.

32.

Plaintiffs submitted their hours worked via an electronic timekeeping system.

33.

The Defendant, thorough a limited management group, engaged in a practice of improperly deducting time from the hours worked by adjusting the electronic time records that were submitted by Plaintiffs, and thereby reducing the hours worked under forty (40).

34.

Such actions constitute a repeated and systematical practice of "time shaving" to ensure that Plaintiffs' hours worked did not exceed forty (40) hours in a workweek, and thereby resulted in a failure to pay straight time and overtime wages.

35.

The Defendant also engaged in a practice of deducting its business losses from Plaintiffs' pay, *i.e.* deducting the cost of a trade-in cellular telephone when a customer fails to trade-in phone.

36.

The Defendant further engaged in a practice of deducting for misapplied payments and other errors from Plaintiff's pay.

37.

Defendant engaged in a practice of deducting any losses or missed profits from Plaintiffs' pay in all possible circumstances.  In one such case, Plaintiff Perry along with another employee, we victims of a robbery of the store location that occurred on or about December 2, 2016.  As a result of that incident, Defendant suffered losses, which it attempted to recoup from Plaintiff Perry.

38.

To remedy the loss, Defendant intended to pass the losses on to Perry and her coworker.  Specifically, the Defendant advised that it was going to deduct the losses its suffered from Perry's and her coworker's paycheck.

39.

Perry, upon being advised of the Defendant's intent to deduct the losses from her pay, immediately complained to the Defendant of the improper deductions.  After receiving an inadequate response, Perry reported her story to a local news outlet, which resulted in a news story being broadcast about the incident and the Defendant's intention of deducting sums from Perry's pay.

40.

On December 7, 2016, a mere five (5) days after complaining of the improper deductions, Perry was written up for the theft.  Thereafter, the Company continued to retaliate against Perry.

41.

On December 19, 2016, Perry was written up for not taking the deposit to the bank, even though the Defendant was aware that she could not take the deposit to the bank because she did not have a car.

42.

The retaliation continued on May 14, 2017, when Perry did not show for a scheduled shift on Sunday despite the Defendant's knowledge that Perry was hired with the stipulation that she could not work any Sundays.

43.

The Defendant nonetheless and with the knowledge that she could not work on Sundays, scheduled her for a Sunday shift.  Even after Perry advised that she could not work on that a Sunday prior to her scheduled shift, the Defendant disregarded her statement and chose to reprimand her for its error.

44.

During the write up, the Defendant advised Perry that going forward she should ensure that she had someone cover her shifts if she was going to miss a shift, come in late or leave early.  This included any Sunday shifts that she had been assigned.

45.

Finally, the retaliation culminated on May 17, 2017.  Perry left early by approximately one (1) hour for her scheduled shift.

46.

Perry followed the Defendant's directive and had another employee cover the balance of her shift.  On May 23, 2017, Perry was called into a meeting with the Defendant and was asked about leaving early on May 17, 2017.

47.

Perry stated she left early and that she had an employee cover her shift as directed by the Defendant. The Defendant refused to ask the employee if it was true, and the Defendant advised her that she was being terminated for not having someone cover her shift.

48.

The Defendant has a pattern a practice of retaliating against any employee who complains of overtime or improper deductions from their wages.

49.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §206, specifically, by failing to pay Plaintiff for all hours worked.

50.

Defendant has failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

51.

Defendant has created a false record of the true hours worked by manipulating the time records.

52.

Upon information and belief, Defendant has negligently, intentionally and repeatedly manipulated its records to reflect Plaintiff was working less hours then actually worked.

53.

Defendant has failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

54.

Defendant knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

55.

This action is brought to recover unpaid compensation, in the form of wages and commissions, hourly employee, who performed work involving interstate commerce and/or work for an enterprise engaged in interstate commerce without being paid for it, failure to pay daily minimums, and/or without being paid the premium for hours worked in excess of forty (40) per week.

56.

As a result of the Defendant's violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

57.

Plaintiffs are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment and post judgment interest.

58.

Defendant has not made a good faith effort to comply with the FLSA.

59.

Plaintiffs are entitled to an award of attorneys' fees under the FLSA.

60.

Plaintiffs have no plain, adequate or complete remedy to redress the allegation contained herein and this suit for lost wages, back-pay, and declaratory judgment and injunctive relief is the only avenue to secure adequate relief.

61.

The Defendant knowingly and willfully failed to compensate Plaintiffs and other similarly situated employees by failing fully compensate them for their

straight time wages as well as her overtime wages for hours worked in excess of forty (40) hours.

62.

Defendant has willfully failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs and other similarly situated employees for the straight time rate and the premium overtime rate for all hours suffered, including those hours suffered over forty (40) hours.

63.

Defendant has willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

64.

Defendant has willfully failed to comply with the minimum wage provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiffs, and others similarly situated for all hours worked.

65.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including

not receiving the straight time wages and overtime premium wages and have also improperly deducted sums from employees' wages.

66.

For at least three (3) years, Defendant has been aware of the requirements of the FLSA, the Department of Labor's regulations, and its own violations of the FLSA. Despite this knowledge, Defendant failed to pay Plaintiffs and other similarly situated employees the amount of pay as required by law.

67.

As a result of the Defendant's violation of the FLSA, Plaintiffs, as well as other similarly situated employees, have suffered damages by failing to receive compensation due in accordance with the FLSA.

68.

Plaintiffs and other similarly situated employees are entitled to the amount of unpaid wages and are also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

69.

There are numerous similarly situated hourly employees and former hourly employees of Defendant, who have been improperly compensated in violation of

the FLSA, and would likewise benefit from the issuance of Court supervised notice of this case as well as an opportunity to join the present case.

70.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendant who were not compensated for all hours worked, were not paid the overtime premium for those hours in excess of forty (40) per week, were not paid at least the minimum wage, who had improper deductions from their pay, and who were subjected to retaliation for engaging in protected activity.

71.

The similarly situated employees are known to Defendant and are readily identifiable from the Defendant's employee records.

72.

There exists common questions of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

    a.    Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week;

b.      Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week;

c.      Whether the Defendant improperly deducted sums from its employees' paychecks; and

d.      Whether the Defendant engaged in retaliation when its employees complained about the nonpayment of overtime or the deduction of sums from its paychecks.

73.

The Defendant fraudulently concealed the true hours worked by its employees and the applicable statute of limitations is tolled for as long as Defendant engaged or engages in the fraudulent and misleading conduct set forth herein, which is a period of at least seven (7) years. Defendant is estopped from raising such statute of limitations as a bar to full recovery.

**IV.   COUNT ONE: COLLECTIVE ACTION CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY STRAIGHT AND OVERTIME WAGES**

74.

Plaintiff incorporates by reference paragraphs 1 – 73 as if fully set forth herein.

75.

Plaintiffs and similarly situated employees, as non-exempt employees of Defendant, were entitled to be paid straight time for all hours worked and overtime for each hour worked in excess of forty (40) hours per week.

76.

The Defendant has willfully failed to compensate Plaintiffs and similarly situated employees for all hours suffered including both the straight time hours and overtime hours worked during their employment.

77.

Defendant, by such failure, has willfully violated the wage and overtime provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.     Payment of all wages Plaintiffs should have received under the FLSA, but for Defendant's willful violation;

B.     Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.     Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.    COUNT TWO:  COLLECTIVE ACTION CLAIM FOR VIOLATIONS OF THE FLSA – TIME SHAVING

78.

Plaintiffs incorporates by reference paragraphs 1 – 77 as if fully set forth herein.

79.

Defendant willfully failed to compensate Plaintiffs and other similarly situated employees for all time worked.

80.

Defendant has failed to keep adequate records of all time worked by Plaintiffs and other similarly situated employees and has manipulated the hours worked.

81.

Defendant has willfully and knowingly violated the provisions of the FLSA.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.    Payment of an equal amount of liquidated damages pursuant to the

FLSA;

C.    Such other legal and equitable relief including but not limited to, any

injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

## VI.   COUNT THREE:   COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA – IMPROPER DEDUCTIONS

82.

Plaintiffs incorporate by reference paragraphs 1 – 81 as if full set forth herein.

83.

The FLSA prohibits deductions from wages that are considered to be primarily for the benefit or convenience of the employer.

84.

The Defendant has willfully and intentionally made deductions from Plaintiffs' and other similarly situated employees wages that are primarily for its benefit.  Such deductions included but were not limited to Financial losses due to customers not paying bills or other breaches of contract, Economic losses due to employee negligence, theft of the employer's property by other individuals, *etc*.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendant's willful violation;

B.   Payment of an equal amount of liquidated damages pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## VII.   COUNT FOUR:   COLLECTIVE ACTION FOR RETALIATION 29 U.S.C. §215(a)(3).

85.

Plaintiffs incorporate by reference paragraphs 1 – 84 as if full set forth herein.

86.

During the course of his employment with Defendant, Plaintiffs made complaints to the Defendant regarding overtime pay and impermissible deductions.

87.

Oral complaints to an employer regarding wages and other provisions under the FLSA constitute protected active pursuant to the FLSA.

88.

Informal written complaints to an employer regarding wages and other provision under the FLSA constitute protected active pursuant to the FLSA.

89.

Within a short proximity of time to Plaintiffs or any other similarly situated employee engaging in protected activity, Plaintiffs was subjected to retaliation. What's more, Defendants had a pattern and practice of retaliating against any employee who raised complaints regarding wages, overtime wages or other provisions of the FLSA.

90.

Other similarly situated employees, who had not engaged in protected activity pursuant to the FLSA, were not subjected to similar actions by the Defendant thus Plaintiffs were subjected to disparate treatment.

91.

Pursuant to 29 U.S.C. §215(a)(3), Defendant is prohibited from discriminating against Plaintiffs for engaging in protective activity pursuant to the FLSA.

92.

Plaintiff has suffered and continues to suffer grave and sever mental anguish and emotional distress, loss of wages, loss of pay and other actual damages on account of the Defendant's actions.

**WHEREFORE** Plaintiffs prays for the following relief:

A.   Actual damages, including reimbursement for lost wages and back pay;

B.   Future wages for loss of income;

C.   Prejudgment and Post Judgment interests;

D.   Liquidated damages pursuant to 29 U.S.C. 216 (b);

E.   Compensatory damages including mental anguish and emotional distress;

F.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

G.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## VIII.   PRAYER FOR COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(B).

93.

Plaintiffs incorporate by reference paragraphs 1 – 92 as if fully set forth herein.

94.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. §216(b), on behalf of themselves and all present and former non-exempt employees of the Defendant, who worked within the three (3) years prior to the filing of this complaint.

95.

Plaintiffs, and those employees similarly situated, worked in the same region, and are subjected to the same unlawful and willful wage policies and practice that are the subject of this complaint.

96.

Plaintiffs and all those employees similarly situated have substantially similar job duties, similar pay provisions, are all subjected to similar managerial oversight, and are all subject to the same widespread pattern and practice of unlawful wage policies and procedures.

97.

Upon information and belief, there are numerous similarly situated current and former employees of the Defendant who were not compensated for all hours worked, who were not paid the overtime premium for those hours in excess of forty (40) per week, and who were misclassified as exempt employees.

98.

The similarly situated employees are known to Defendants and are readily identifiable from the Defendant's employee records.

99.

There exists a common question of law and fact with regard to Plaintiffs and all similarly situated current and former employees.  Those issues include but are not limited to:

    a.    Whether the Defendant failed to pay overtime wages to its employees when working more than forty (40) hours in a week.

    b.    Whether the Defendant failed to pay regular wages to its employees when working more that forty (40) hours in a week;

    c.    Whether the Defendant engaged in time shaving; and

    d.    Whether the Defendant made impermissible deductions from wages.

WHEREFORE Plaintiffs, individually and on behalf of all other similarly situated persons, in accordance with 29 U.S.C. §216(b), pray for the following relief:

A.  At the earliest time, Plaintiffs be allowed to give notice, or that the Court issue such Notice to all Defendant's hourly employees at all its locations during the three (3) years preceding the filing of this action, to all potential Plaintiffs who may be similarly situated informing them of this action, the nature of this action, and inform them of their right to opt-in to this lawsuit if the employee or former employee worked overtime but was not paid in accordance with the FLSA or was subject to impermissible deductions;

B.  Plaintiffs, and all other potential Plaintiffs, be awarded damages in the amount of each Plaintiffs' respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to the FLSA;

C.  Plaintiffs' and all other potential plaintiffs' reasonable attorneys' fees, costs and expenses; and

D.  Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted, this 18th day of August, 2017.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
Frank DeMelfi, Esq.
Georgia Bar No. 320128
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 West Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295